UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

LEON ST. CLAIR NATION,

                                                    Plaintiff,

            - against -

                                                                            08 CV 00862 (GEL)
THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF BUILDINGS, and PATRICIA J.
LANCASTER,

                                                    Defendants.

------------------------------------------------------------------------x


**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S MOTION
FOR A PRELIMINARY INJUNCTION**


                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the City of New York
                                        Attorney for Defendants
                                        100 Church Street (Admin. Law Div.)
                                        New York, NY  10007
                                        (212) 788-0768

GABRIEL TAUSSIG,
ROBIN BINDER,
LOUISE MOED,
        Of Counsel.

February 1, 2008

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

ARGUMENT:  PLAINTIFFS' APPLICATION FOR A PRELIMINARY INJUNCTION
SHOULD BE DENIED. ............................................................................................................. 3

      A.     Plaintiff's ex post facto claim is not viable and his due
process claim is baseless ...........................................................................................4

      B.     Plaintiff's equal protection claim is not worthy of serious
consideration. ............................................................................................................9

      C.     Plaintiff cannot show irreparable injury or inequitable
hardship......................................................................................................................10

CONCLUSION.......................................................................................................................12

## PRELIMINARY STATEMENT

Defendants submit this memorandum of law in opposition to plaintiff's motion for a preliminary injunction enjoining the New York City Department of Buildings ("DOB") from enforcing its decision prohibiting plaintiff, a licensed professional engineer, from filing any applications for building permits and other approvals for a period of two years ("the filing prohibition"). After a lengthy trial before an Administrative Law Judge ("ALJ") at the Office of Administrative Trials and Hearings ("OATH") conducted in May 2007, plaintiff was found to have certified the accuracy of falsified documents submitted to DOB between 2004 and 2006. After considering the facts found and penalty recommended by the OATH ALJ in an October 2007 Report and Recommendation, DOB's Commissioner issued the agency's final decision in January 2008, imposing the filing prohibition against plaintiff. The imposition of a filing prohibition for architects and engineers who submit falsified documents to DOB is authorized by New York City Administrative Code ("Admin. Code") § 26-124(c), which was enacted by the New York State Legislature in August 2007.[1]

---

[1] Chapter 542 § 1 of the Law of New York, 2007 adds a new subdivision (c) to Admin. Code § 26-124 and re-designates as subdivision (d) the prior subdivision (c). The new subdivision (c) states as follows:

> In addition to any other penalty provided by law, the commissioner [of DOB] may refuse to accept any application or other document submitted pursuant to or in satisfaction of any requirement of this chapter [or other specified provisions of law] that bears the signature of any person who has been found, after a hearing at [OATH] pursuant to [DOB's] rules, to have knowingly or negligently made a false statement or to have knowingly or negligently falsified or allowed to be falsified any certificate, form, signed statement, application, report or certification of the correction of a violation

Plaintiff has commenced this action challenging the filing prohibition as violating his rights under the due process clause of the federal and state constitutions (first and fourth claims for relief), the equal protection clause of the federal and state constitutions (second and fifth claims for relief), and as reflecting an *ex post facto* application of law (third claim for relief). His complaint seeks permanent injunctive relief and money damages pursuant to 42 U.S.C. § 1983. The relevant facts are set forth in detail in the accompanying declaration of Stephen P. Kramer, Senior Counsel to the DOB Commissioner, and will not be reiterated here.

Plaintiff is not entitled to a preliminary injunction because he cannot establish either a likelihood of success on the merits of his claims or irreparable injury. Because plaintiff was not convicted of a crime, *ex post facto* jurisprudence does not apply. Rather, the relevant inquiry is whether, in enacting Admin. Code § 26-124(c), the Legislature expressly prohibited the imposition of the filing prohibition in pending matters, and if not, whether the imposition of the filing prohibition against plaintiff in this matter would impair a vested right, change the underlying substantive law, or otherwise attach unfair legal consequences to plaintiff, a question analyzed under the dictates of due process.

Plaintiff cannot establish that the Legislature expressly prohibited the imposition of the filing prohibition in pending cases. Indeed, by its terms, Admin. Code § 26-124(c) applies to any professional found, after administrative trial, to have filed falsified documents. Nor would the imposition of the filing prohibition be otherwise improper. The ability to file plans with DOB is, at best, a statutory benefit and not a vested right. Moreover, to the extent that plaintiff has a liberty or property interest at stake here, plaintiff had a full opportunity to be heard, both at an administrative trial in connection with the underlying false filing charges, and

---

required under the provisions of this chapter [or other specified provisions of law].

prior to the imposition by DOB of the filing prohibition in its final decision. Indeed, as the substantive law governing the underlying charges against him was not changed in any way, plaintiff cannot establish that he would have defended himself differently at the OATH trial had he known that a filing prohibition ultimately could be imposed against him. And, in addition to there being no due process violation, plaintiff cannot establish a violation of equal protection, as there is obviously a rational basis to treat plaintiff differently from architects and engineers who have no record of false filing.

Aside from the lack of merit to his claims, plaintiff cannot establish irreparable injury. Were he to succeed on his claims, it is apparent that plaintiff could be compensated by way of money damages. Finally, although the less rigorous preliminary injunction standard is not applicable here as discussed below, it is worth noting that plaintiff cannot show that the equities tip in his favor, as the public interest supporting the filing prohibition vastly outweighs any hardship to plaintiff.

## ARGUMENT

### PLAINTIFF'S APPLICATION FOR A PRELIMINARY INJUNCTION SHOULD BE DENIED.

It is well-settled in this Circuit that a preliminary injunction is an extraordinary remedy not to be routinely granted. Rosen v. Siegel, 106 F.3d 28, 31 (2d Cir. 1997). Generally, a preliminary injunction may not be issued unless the plaintiff demonstrates "(i) that [he] is likely to suffer irreparable injury if the injunction is not granted, and (ii) either (a) a likelihood of success on the merits of [his] claim, or (b) the existence of serious questions going to the merits of [his] claim and a balance of the hardships tipping decidedly in [his] favor." Beal v. Stern, 184 F.3d 117, 122 (2d Cir. 1999). But where, as here, "the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme," a preliminary

injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard. <u>Plaza Health Labs., Inc. v. Perales</u>, 878 F.2d 577, 580 (2d Cir. 1989).

**A.    <u>Plaintiff's ex post facto claim is not viable and his due process claim is baseless.</u>**

Turning first to the merits, plaintiff claims that, because the filing prohibition is authorized by a code provision that was not in effect when plaintiff submitted the falsified documents to DOB, the filing prohibition is an *ex post facto* application of law prohibited by the United States Constitution.[2]  However, the *ex post facto* clause is applicable only in criminal proceedings, and not in civil or administrative proceedings. <u>Landgraf v. USI Film Products</u>, 511 U.S. 244, 253 (1994), citing <u>Calder v. Bull</u>, 3 U.S. 386 (1798).[3]

The Legislature enacted Admin. Code § 26-124(c) after plaintiff's May 2007 administrative trial before OATH, but before the ALJ issued her report in October 2007 and DOB's Commissioner took final action against petitioner in January 2008.  Whether the filing prohibition was properly imposed in this pending adjudication is a question governed not by the *ex post facto* clause but by the retroactivity analysis set forth in <u>Landgraf</u>, <u>supra</u>.

The Supreme Court has long held that, in pending cases, "a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice

---

[2] Both Congress and the states are prohibited from enacting *ex post facto* laws.  U.S. Const., Art I, §§ 9, 10.  An ex post facto law is one that, on its face or as applied, operates criminally to punish, or increase the punishment for, acts which occurred before the enactment of the law. <u>Garner v. Jones</u>, 529 U.S. 244 (2000).

[3] Even if plaintiff had been convicted of criminal charges based on his false filings, the post-judgment imposition of the filing prohibition against him would not be barred by the *ex post facto* clause, because the filing prohibition merely represents the termination of a benefit based on concerns for the public safety, a legitimate non-punitive goal.  <u>See</u>, <u>e.g.</u>, <u>Flemming v. Nestor</u>, 363 U.S. 603, 613-14 (1960); <u>Tremblay v. Riley</u>, 917 F.Supp. 195 (W.D.N.Y. 1996); <u>Lap v. Axelrod</u>, 95 A.D.2d 457, 467 N.Y.S.2d 920 (3d Dept. 1983) (new statute requiring revocation of nursing home operating certificates where operators have been convicted of industry-related felonies is not an *ex post facto* law because it furthers a legitimate regulatory purpose).

or there is statutory direction or legislative history to the contrary." Bradley v. Richmond School Dist., 416 U.S. 696, 711 (1974), citing the decision of Chief Justice Marshall in United States v. Schooner Peggy, 1 Cranch 103 (1801). This principle was revisited at length by the Court in Landgraf, a case which concerned the question of whether a federal statute granting the right to compensatory damages and a consequent jury trial in Title VII cases should be retroactively applied to a case pending on appeal. Landgraf had been the subject of a bench trial where the judge determined that sexual harassment had occurred, but that the grant of injunctive relief was not warranted. It was conceded on appeal that the court's finding of sexual harassment could have supported an award of compensatory damages under the amended statute, had that remedy been available when the matter was tried.

In Landgraf, the Supreme Court articulated a two-part test to determine when a federal statute enacted after the events giving rise to a lawsuit can be applied retroactively in a pending case. First, because Congress is authorized to enact retrospective laws, a statute will be given retrospective effect if Congress intended it to apply in that manner (and conversely, a statute will be denied retrospective effect if Congress did not so intend). 511 U.S. at 280. Second, "in the absence of guiding instructions from Congress," a new statute cannot be applied in pending cases if it would impair a vested right, change the substantive law relative to underlying liability, or otherwise attach unfair legal consequences in the pending adjudication. Id. Essentially governed by due process jurisprudence, the latter inquiry "should be informed and guided by familiar considerations of fair notice, reasonable reliance, and settled expectations." Martin v. Hadix, 527 U.S. 343, 358 (1999) (citation to Landgraf and internal quotation marks omitted).

Thus, in Landgraf, the Court found that, while it is a close question, it would be unfair to apply the new statutory remedy of compensatory damages to pending cases seeking

redress for pre-enactment Title VII violations, because the underlying law as to the parties'
relative liabilities had changed, and defendants thus would be subjected to a new trial applying
new substantive legal principles. 511 U.S. at 281-86. In so holding, the Court contrasted the
remedy of compensatory damages, described as "retributive" and "quintessentially backward
looking," with general remedial statutes that are prospective and "should presumptively apply in
pending cases." Id. at 282, 285.

As a matter of state law, it has long been held that, like Congress, the New York
State Legislature has the authority to enact laws that have a retrospective effect. People v.
O'Brien, 111 N.Y. 1, 60 (1888). However, state legislation may not be given retrospective effect
if such operation would deprive a person of due process of law or interfere with a vested right.
Gleason v. Holman Contract Warehousing, 170 Misc. 2d 668, 678, 649 N.Y.S.2d 647 (Sup. Ct.
Albany Co. 1996), citing McKinney's Statutes § 51(e). Thus, whether viewed under federal or
state law, the filing prohibition authorized by Admin. Code § 26-124(c) may be imposed in a
pending case such as plaintiff's unless 1) the Legislature intended otherwise, or 2) the imposition
of the filing prohibition against plaintiff would impair his vested rights, change the underlying
substantive law, subject him to a deprivation of due process, or otherwise work a fundamental
injustice against him.

As to legislative intent, nothing in the language of Admin. Code § 26-124(c)
precludes its application in pending cases. Admin. Code § 26-124(c) provides that the filing
prohibition may be imposed "as an additional penalty" after an architect or engineer has been
"found, after a hearing at [OATH] …, to have knowingly or negligently made a false statement
or to have knowingly or negligently falsified or allowed to be falsified any [document]" filed
with DOB. As plaintiff was found, after a hearing at OATH, to have negligently certified false

documents that were submitted to DOB, the applicability of the penalty to him is supported by the clear wording of the code provision.

Nor does the imposition of the filing prohibition against plaintiff impair a vested right, change the underlying substantive law, violate plaintiff's due process rights or otherwise work a fundamental unfairness against him. That Admin. Code § 27-140 requires that certain applications for building permits be filed "by an architect or engineer" does not give plaintiff a statutory right to file applications with DOB. But even if it did, statutory rights are not considered to be vested rights because they are founded upon the anticipated continuance of the existing statute (which cannot be assured), rather than upon a contract or interest in real property. See, e.g., United States v. Little Lake Misere Land Co., 412 U.S. 580, 586 (1973).

Moreover, plaintiff does not have a right to work as a professional engineer unrestricted by state or municipal regulation. To the extent that the filing prohibition deprives plaintiff of a liberty or property interest in continuing to work as a licensed professional engineer in New York City, the question is simply whether such a deprivation violates the dictates of substantive or procedural due process. There is no substantive due process violation here because it was hardly egregious for DOB, in its final determination after an administrative trial, to apply the filing prohibition against an individual who was found, at that trial, to have filed falsified documents. See, Pena v. Deprisco, 432 F.3d 98, 112 (2d Cir. 2005), quoting County of Sacramento v. Lewis 523 U.S. 833, 847 n. 8 (1998) (deprivation of liberty or property is a substantive due process violation only if the challenged "government action was 'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'").[4] Likewise,

---

[4] Although the due process claim set forth in the Complaint is premised only on DOB's "imposing a penalty that did not exist at the time [p]laintiff allegedly committed the acts complained of," Complaint, ¶ 31, plaintiff argues throughout his moving papers that the filing prohibition is simply too harsh, no matter the timing. However, any claim that the filing

there is no procedural due process violation because plaintiff had a full and fair opportunity to be heard both with respect to the underlying charges against him at the OATH administrative trial, and prior to the imposition of the filing prohibition in DOB's final decision. See, Board of Regents v. Roth, 408 U.S. 564, 569-70 (1972) (procedural due process requires that there be notice and an opportunity to be heard prior to the deprivation of a liberty or property interest).

In addition, the imposition of the filing prohibition did not change the underlying substantive law so that a new administrative trial would be required prior to the imposition of the filing prohibition, as would have been the case in Landgraf. The filing prohibition is not a substantive change in the regulations prohibiting the submission of falsified documents by architects and engineers, but simply a remedy that comes into play after an architect or engineer has been found, after administrative trial, to have submitted falsified documents. Plaintiff cannot and does not suggest that he would have defended the underlying false filing charges differently had he known that he ultimately could be subject to the filing prohibition.

Moreover, it is disingenuous for plaintiff to claim that the filing prohibition is a new penalty of which he was not aware when he submitted falsified documents to DOB. While Admin. Code § 26-124(c) gave DOB the authority to impose a filing prohibition against architects and engineers who file falsified documents, plaintiff surely knew that his license to work as a professional engineer anywhere in the State of New York could be suspended or revoked by the New York State Board of Regents based on his submission of falsified documents to DOB or any other unprofessional conduct. See, Howe v. Board of Regents, 210

---

prohibition in and of itself violates substantive due process would fail, as its imposition against plaintiff was neither egregious nor conscience-shocking but a legitimate response to a genuine public safety concern. While substantive due process requires more than a showing of arbitrariness or irrationality, it is apparent that the imposition of the filing prohibition here was entirely rational given the facts found by the ALJ at the OATH trial.

A.D.2d 541, 619 N.Y.S.2d 820 (3d Dept. 1994) (upholding the suspension of a professional engineer's license found, after administrative trial, to have engaged in "unprofessional conduct" based on the false certification of documents filed with DOB on two occasions).[5]  The filing prohibition, which does not prohibit plaintiff from working under the supervision of another licensed professional in the City or from working unsupervised outside the City, is merely a subset of the known remedy of debarment to which any licensed professional engineer is subject.

Finally, when given an opportunity to be heard as to why the filing prohibition should not be imposed against him, plaintiff argued only that the filing prohibition was a harsh consequence that was not warranted based on the facts of his case; he did not claim any prejudice to his defense at the trial of the underlying charges against him.  Accordingly, it is apparent that the DOB's final determination imposing the filing prohibition against plaintiff does not run afoul of the due process clause.

**B.    Plaintiff's equal protection claim is not worthy of serious consideration.**

In addition to raising claims under the *ex post facto* and due process clauses, plaintiff raises an equal protection claim that the filing prohibition "constitutes treatment of [p]laintiff on less than equal terms with other architects and engineers."  Complaint, ¶ 34.  This claim is not worthy of serious consideration.

To prevail on an equal protection claim that a provision of law was selectively enforced, plaintiffs in this Circuit traditionally have been required to show both (1) that "they were treated differently from other similarly situated individuals," and (2) that "such differential treatment was based on "impermissible considerations such as race, religion, intent to inhibit or

---

[5] The Rules of the New York State Board of Regents provide that unprofessional conduct for a licensed professional engineer includes "certifying by affixing the licensee's signature and seal to documents for which the professional services have not been performed by, or thoroughly reviewed by, the licensee." 8 NYCRR § 29.3.

punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." LeClair v. Saunders, 627 F.2d 606, 608-10 (2d Cir. 1980). More recently, in Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000), the Supreme Court affirmed the validity of "class of one" selective enforcement claims where the plaintiff is not a member of a suspect class or deprived of a fundamental right, but simply alleges that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." However, "class of one plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." Neilson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005).

Here, plaintiff's "class-of-one" selective enforcement claim is that he has been treated differently than other architects and engineers who are not subject to a filing prohibition. This claim is clearly baseless both because plaintiff is not similarly situated to architects and engineers who are not false filers and because there is a rational basis for treating him differently than architects and engineers who are not false filers.[6]

C.    **Plaintiff cannot show irreparable injury or inequitable hardship.**

Aside from his being unlikely to succeed on the merits of his claims, plaintiff cannot show irreparable injury. Were he to succeed on his claims in this § 1983 action, plaintiff's consequent loss of income and business opportunities would be compensable in money damages. See, e.g., Quartararo v. Hoy, 113 F.Supp.2d 405, 418 (E.D.N.Y. 2000). It is axiomatic that, where as here, an alleged injury is compensable in money damages, there is no

---

[6] To the extent that plaintiff asserts claims under the due process and equal protection clauses of the New York State and United States Constitutions, the analysis is essentially the same under federal and state constitutional law. See, Under 21 v. City of New York, 65 N.Y.2d 344, 360 n.6, 492 N.Y.S.2d 522 (1985) (equal protection clause); Grinberg v. Safir, 181 Misc.2d 444, 451, n. 6, 694 N.Y.S.2d 316 (Sup. Ct. N.Y. Co. 1999) (due process clause) Igoe v. Pataki, 182 Misc.2d 298, 696 NYS2d 355, 364 (Sup.Ct. N.Y. Co. 1999) (both).

irreparable injury for purposes of a preliminary injunction motion. <u>JSG Trading Corp. v. Tray-Wrap, inc.</u>, 917 F.2d 75, 79 (2d Cir. 1990).

Finally, as noted above, because plaintiff seeks to stay DOB's final decision imposing the filing prohibition -- a government action taken in the public interest pursuant to the statutory scheme regulating professional filings with DOB -- the resolution of plaintiff's preliminary injunction motion does not require consideration of the equities. <u>See</u>, <u>Plaza Health Labs</u>, <u>supra</u>. Nonetheless, it is worth noting that the equities do not favor plaintiff here. While the filing prohibition clearly has monetary consequences for plaintiff, he has not been left without a source of income. Plaintiff can continue to work as an engineer on City properties under the supervision of another licensed professional, and of course the filing prohibition has no impact on any professional work involving properties outside the City.

On the other hand, the public interest supporting the filing prohibition for architects and engineers found to have falsified documents filed with DOB is paramount and vastly outweighs any hardship to plaintiff. That DOB can institute a filing prohibition where, as here, an architect or engineer has filed falsified documents, not only protects the public safety but preserves the integrity of DOB's plan review process. Moreover, the imposition of the filing prohibition against plaintiff was clearly supported by the record here. The fact that the three instances of false filing plaintiff was found to have committed did not result in a dangerous construction condition is merely fortuitous. Still unknown is the extent to which plaintiff's practice of placing his seal on documents without verifying their accuracy has resulted in the filing of false documents, and whether safety may have been compromised in any of those instances. Indeed, there is no guarantee that, absent the filing prohibition, plaintiff will not continue to submit false documents to DOB with impunity.

## CONCLUSION

Because plaintiff cannot establish a likelihood of ultimate success on the merits of his claims, or that he will suffer irreparable injury absent the grant of the relief sought, his application for a preliminary injunction should be denied.

Dated:     New York, New York
February 1, 2008

Respectfully submitted,

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street
New York, New York 10007
(212) 788-0818

By: ROBIN BINDER (RB 5027)

GABRIEL TAUSSIG,
LOUISE MOED,
     Of counsel.