UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LEON ST. CLAIR NATION                                              08-CV- 862

                    Plaintiff,                        **AFFIDAVIT OF LEON
                                                                   ST. CLAIR NATION**

             -against-

THE CITY OF NEW YORK, THE NEW YORK CITY
DEPARTMENT OF BUILDINGS, and PATRICIA
J. LANCASTER
                    Defendants.
------------------------------------------------------------------X

LEON ST. CLAIR NATION, being duly sworn, deposes and says:

1. I am a Professional Engineer, License No. 065052, duly licensed by the New York State Department of Education since 1988.

2. I am a principal of the engineering firm of JNS Engineers, PC. The firm employs approximately ten persons.

3. I have been practicing engineering in the City of New York for over twenty years.

4. Over the past few years, I have filed approximately 300 applications per year with the New York City Department of Buildings ("DOB"). Almost all of my business is conducted in New York City and, thus, requires filings with DOB.

5. I have reviewed both DOB Commissioner Lancaster's final determination as well as the recommendation of Administrative Law Judge Kara Miller following a hearing on DOB's charges at the New York City Office of Administrative Trials and Hearings ("OATH."). I believe that the determination to revoke my privileges to file under limited review procedures was erroneous, and I am appealing that determination in the appropriate New York State legal proceedings.

6. None of the charges against me involved any threat to public safety whatsoever. Two of the charges involved the alleged inauthenticity of photographs of curbs. I had submitted the photographs to DOB as part of applications for approval of minor work on the curbs. I was never charged with doing the work improperly or unsafely; in fact, DOB signed off on the work itself, and the allegedly "doctored" areas of the photos did not involve the work on the curbs. The third charge stated that I had used an improper form of application for work on a two-story building; I stated at the OATH hearing, and continue to state, that I used the proper form of application based on a professional review of the information available to me at the time of filing.

7. Two of the three incidents charged occurred more than three years ago.

8. Judge Miller dismissed all charges relating to intentional misconduct. Her recommendation and report stated only that I had been negligent, a finding that I dispute and that I am challenging in my appeal in New York state court.

9. By letter dated January 15, 2008, I was informed by DOB Commissioner Lancaster that, in her decision on Judge Miller's report, she was revoking my ability to file any application or other document whatsoever with DOB, effective immediately, pursuant to Section 26-124(c) of the New York City Administrative Code.

10. The papers in which DOB charged me with offenses did not mention Section 26-124(c).

11. Section 26-124(c) was never mentioned by DOB attorneys or by Judge Miller at my OATH hearing.

12. As nearly all of my practice is conducted in New York City, the penalty imposed by Commissioner Lancaster will render JNS Engineers PC insolvent, and will lead to irreparable financial harm to myself and my employees.

13. Furthermore, as I will not be able to file documents pertaining to the approximately 200 applications I have pending before DOB, I will be liable for immeasurable civil damages for breach of contract and other actions relating to my inability to complete this work. These applications will have to be superseded by other design professionals who will have to be paid in advance. This situation automatically thrusts each of these applications into potential civil litigation between the client and myself, possibly delaying completion of these jobs for years.

14. I live in New York City and all of my professional contacts are in New York City. Further, my clientele is based largely on the Hassidic and Caribbean communities, two communities located mainly in New York City. Reestablishing my practice outside of New York City may be impossible.

15. Were an injunction not to be granted against this penalty, the livelihoods of me, my practice, and my employees would be immediately and irreparably harmed. On the other hand, were this injunction to be granted, DOB would suffer no harm at all. Under the terms of the determination that I am challenging in state court, I cannot file limited review applications; all work that I file with DOB must undergo full DOB review. As DOB would be reviewing all of my work, and as DOB has the power to reject any application or document that does not comply

with the New York City Building Code, Zoning Resolution, or other law, DOB would suffer no harm were this injunction to be granted.

Leon St. Clair Nation

Sworn to before me this
22nd day of January, 2008

NOTARY PUBLIC

**CHRISTOPHER M. SLOWIK**
Notary Public, State of New York
No. 02SL6173097
Qualified in Kings County
Commission Expires August 20, 2011