# STUART A. KLEIN
ATTORNEY AT LAW

99 MADISON AVENUE • 11TH FL, NEW YORK, N.Y. 10016
TELEPHONE: (212) 564-7560   ·   TELEFAX: (212) 564-7845

STUART A. KLEIN, ESQ.

WRITER'S DIRECT NUMBER
(212) 564-7560 EXT. 11

February 7, 2008

The Honorable Gerard Lynch
United States District Court
Southern District of New York
500 Pearl Street, Room 910
New York, NY 10007
VIA FAX: (212) 805-0436 (3 pages)

    RE:    **Nation v. City of New York, 08-CV-862**

Dear Judge Lynch:

    Pursuant to your kind suggestion at today's hearing in the above-captioned matter, I write to respond to two assertions made by counsel for Defendants with regard to critical points of law.

### 1. The *Landgraf* Test Presumes That Legislation Is Not Retroactive

    Counsel for all parties rely on the discussion in Landgraf v. USI Film Products, 511 U.S. 244 (1993), regarding the issue of whether a legislative enactment is to be applied retroactively to its passage.

    However, at oral argument, counsel for Defendants misapprehended the presumption inherent in the *Landgraf* test. *Landgraf* clearly affirms that legislative enactments are presumptively **not** retroactive:

> The presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic. Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly; settled expectations should not be lightly disrupted. For that reason, the "principle that the legal <u>effect of conduct should ordinarily be assessed under the law that existed when the conduct took place</u> has timeless and universal appeal." Landgraf, 511 U.S. at 265 (citations omitted; emphasis added).

> If [a] statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result. Id. at 280.

Legislative intent that a statute is to govern retroactively thus must be shown conclusively from either the express language of the statute or its legislative history, as argued at length in the papers and at oral argument. Otherwise, a presumption against retroactivity clearly governs. It is thus respectfully submitted that the interpretation urged on this Court by Defendants, that retroactive intent may be inferred even in the absence of concrete evidence thereof, is incorrect as a matter of law.

## 2. The Applicable Standard For Preliminary Injunction Is The "Fair Ground For Litigation" Test

At oral argument, counsel for Defendants urged this Court to apply the more rigorous of two standards for determining when a preliminary injunction should issue:

> In general, the district court may grant a preliminary injunction if the moving party establishes (1) irreparable harm and (2) either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party. . . We have held, however, that where the moving party seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme, the district court should not apply the less rigorous fair-ground-for-litigation standard and should not grant the injunction unless the moving party establishes, along with irreparable injury, a likelihood that he will succeed on the merits of his claim. Plaza Health Laboratories, Inc., v. Perales, 878 F.2d 577, 580 (2d Cir. 1989) (citations omitted).

It was argued that Defendants' action in the instant case can be described as "governmental action taken in the public interest pursuant to a statutory or regulatory scheme," and that, as a result, the Plaintiff must succeed under the more stringent test by demonstrating a likelihood of success on the merits.

While maintaining that Plaintiff is likely to be able to meet the "success on the merits" test, it is respectfully urged that the less stringent "fair ground for litigation" test applies here because Defendants have employed a reading of the Plaza Health test that is far too narrow. In considering this issue, the Second Circuit Court of Appeals distinguished Plaza Health by observing that:

> On the other hand, we have said that the "probability of success" standard "need not always be followed merely because a movant seeks to enjoin government action," Haitian Centers Council, Inc. v. McNary, 969 F.2d 1326, 1339 (2d Cir.1992),[1] and we have applied the lesser standard in suits against governmental entities, e.g., id.; Hudson River Sloop Clearwater, Inc. v. Department of Navy, 836 F.2d 760, 763 (2d Cir.1988);

---

[1] *certiorari granted and judgment vacated as moot*, Sale v. Haitian Centers Council, Inc.,., 509 U.S. 918 (1993).

*Patton v. Dole,* 806 F.2d 24, 30 (2d Cir.1986). As *Haitian Centers* pointed out, in some litigation against the government, "no party has an exclusive claim on the public interest." 969 F.2d at 1339. Time Warner Cable of New York City v. Bloomberg L.P., 118 F.3d 917, 923 (2d Cir. 1997).

Defendants' characterization of the penalty assessed against Plaintiff as "governmental action in the public interest" is belied by the facts. As admitted by Defendants in their sanctioning instruments, Plaintiff's misdeeds were acts of negligence, not willfulness. Plaintiff has submitted thousands of applications to Defendant DOB without discipline. It is difficult to discern a legitimate scheme of protection of the public interest in the imposition of a draconian punishment for a few acts of negligence against a licensed professional with an otherwise unsullied record, in a case where public safety was not threatened.

Moreover, Plaintiff challenges the unconstitutionality of the legislative scheme as applied to him by Defendants in the current instance. Even legislation that is constitutional as drafted may be applied to an individual in a manner that disregards or destroys the protections of the Constitution. Certainly, the government may not apply legislation in an unconstitutional manner and then justify itself by claiming that it acts in the public interest.

Accordingly, Plaintiff contends that the less stringent, "fair ground for litigation" test applies here. As this Court has recognized the serious nature of Plaintiff's constitutional claims at today's hearing, it is respectfully maintained that Plaintiff meets the requirements for a preliminary injunction.

I thank the Court for the opportunity to address these issues.

Sincerely,

Stuart A. Klein

cc:   Ms. Louise Moed, Esq.